UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------------------X
PENGUIN AIR CONDITIONING CORP.
and CONTINENTAL CASUALTY COMPANY,            Docket No..:

                        Plaintiffs,

                                                                                      COMPLAINT

        - against -

TRISURA SPECIALTY INSURANCE CO.,

                        Defendant.
----------------------------------------------------------------------------X

      Plaintiffs PENGUIN AIR CONDITIONING CORP. ("PENGUIN") and CONTINENTAL CASUALTY COMPANY ("CONTINENTAL") (collectively, "Plaintiffs"), by their attorneys LONDON FISCHER LLP, as and for their Complaint herein, allege upon information and belief as follows:

## NATURE OF ACTION

      1.     This action seeks a declaratory judgment that Plaintiff PENGUIN is an additional insured on the commercial general liability insurance policy issued by TRISURA SPECIALTY INSURANCE CO. ("TRISURA") to non-party Precision Test and Balance of N.Y. Corp. ("Precision"). This action also seeks a declaratory judgment that TRISURA must defend and indemnify PENGUIN on a primary and non-contributory basis in the underlying New York Labor Law action and the policy of insurance issued by CONTINTENTAL to PENGUIN is excess to TRISURA's policy of insurance.

      2.     CONTINTENTAL is providing a defense to PENGUIN in the underlying New York Labor Law action, which seeks damages for personal injuries allegedly sustained by Jason Flowers and Kerlann Flowers.

3. In violation of the terms of the policy issued by TRISURA to Precision, TRISURA has failed to defend and indemnify PENGUIN in the underlying New York Labor Law action.

## THE PARTIES

4. At all times hereinafter mentioned, PENGUIN was incorporated in the State of New York and maintained a principal place of business in the State of New York.

5. At all times hereinafter mentioned, CONTINENTAL was incorporated in the State of Illinois and maintained a principal place of business in the State of Illinois.

6. At all times hereinafter mentioned, TRISURA was incorporated in the State of Missouri.

7. At all times hereinafter mentioned, TRISURA was a foreign business corporation (i.e., incorporated outside the State of New York).

8. At all times hereinafter mentioned, TRISURA maintained a principal place of business in the State of Oklahoma.

9. At all times hereinafter mentioned, TRISURA maintained a principal place of business outside the State of New York.

10. At all times hereinafter mentioned, TRISURA was authorized to sell or write, and did sell or write, insurance in the State of New York.

11. At all times hereinafter mentioned, TRISURA was and is an insurance company conducting substantial business in the State of New York.

## JURISDICTION AND VENUE

12. Subject matter jurisdiction is based upon 28 U.S.C.A. § 1332 and 28 U.S.C.A. § 2201 because the action involves citizens of different states and the amount in controversy

exceeds the sum of $75,000. An actual controversy exists between the parties regarding their respective rights and obligations under the relevant policy of insurance.

13. Personal jurisdiction over TRISURA is proper as it conducts business in the State of New York.

14. Venue is proper under 28 U.S.C.A. § 1391 because a substantial part of the events giving rise to the claim occurred in this district.

## THE UNDERLYING ACTION

15. On or about June 20, 2019, Jason Flowers and Kerlann Flowers commenced an action against FSP 787 Seventh LLC, Sidley Austin LLP, Structure Tone and STO Building Group in Supreme Court, New York County. Plaintiff Jason Flowers, an employee of Precision, allegedly fell from a ladder on June 5, 2019 while performing construction work at 787 Seventh Avenue in the County and State of New York (the "Premises.") Plaintiff Jason Flowers alleges common-law negligence and violations of Labor Law §§ 200, 241(6) and 240; plaintiff Kerlann Flowers alleges loss of consortium. The action brought by Jason Flowers and Kerlann Flowers bears Index Number 156127/2019.

16. On or about November 5, 2019, Structure Tone and STO Building Group impleaded several entities into the action brought by Jason Flowers and Kerlann Flowers, including PENGUIN. Structure Tone and STO Building Group brought causes of action for contractual indemnification (including defense costs), common-law indemnity/contribution, and breach of contract for failure to procure insurance against Penguin (the "Underlying Action.") On or about February 25, 2020, PENGUIN joined issue in the Underlying Action.

## **THE CONTRACT**

17.     Prior to June 5, 2019, PENGUIN entered into a subcontract agreement with Precision (the "Subcontract,") whereby and pursuant to which Precision was retained to perform certain work and/or services at the Premises. A copy of the Subcontract is attached as Exhibit "A."

18.     The Subcontract was in full force and effect on June 5, 2019.

19.     Pursuant to the terms of the Subcontract, Precision was and is obligated to insure PENGUIN as an additional insured, on a primary and non-contributory basis, on a commercial general liability insurance policy with limits of $1 million/occurrence and $2 million general aggregate. See Exhibit "A" at Art. 9.

20.     The terms of the Subcontract also require Precision to defend and indemnify PENGUIN:

> To the fullest allowed by applicable law, Subcontractor [Precision] will indemnify and defend Contractor [PENGUIN], Customer, Owner, and their owners, shareholders, officers, directors, consultants, agents, sureties and employees (collectively, "Indemnified Parties"), with counsel acceptable to Contractor [PENGUIN], from and against any and all claims, damages (including, but not limited to, consequential damage), losses, or expenses (any or all, collectively, the "Indemnity Claim), including, but not limited to, reasonable attorney's fees, arising out of or relating to this Subcontract of the performance of Subcontractor's [Precision's] Work, including, but not limited to, Indemnity Claims attributable to (i) bodily injury, sickness, disease or death, (ii) injury to tangible property, or (iii) infringement of patents, trademarks, copyrights, or other intellectual property rights, or any violations thereof, except to the caused by the sole negligence of an Indemnified Party.

> *Id*. at Art. 10.

## INSURANCE POLICY

21. Prior to June 5, 2019, TRISURA issued a commercial general liability policy of insurance to Precision (the "TRISURA Policy.")

22. The TRISURA Policy was in full force and effect at all relevant times of Precision's work on the Premises, including June 5, 2019.

23. The TRISURA Policy is applicable to each and every aspect of the claims and allegations made against PENGUIN in the Underlying Action.

## TENDERS TO TRISURA

24. On or about January 24, 2020, the defense and indemnity of PENGUIN in the Underlying Action was tendered to TRISURA.

25. On or about March 13, 2020, the defense and indemnity of PENGUIN in the Underlying Action was tendered to TRISURA.

26. To date, TRISURA has refused confirmed it will assume PENGUIN's defense and/or indemnity in the Underlying Action.

## AS AND FOR A FIRST CAUSE OF ACTION AGAINST TRISURA

### (Declaratory Judgment – Additional Insured Status of PENGUIN)

27. Plaintiffs repeat, reallege and reiterate each and every allegation set forth in Paragraphs "1" through "26" of the Complaint as if fully set forth at length herein.

28. PENGUIN is entitled to additional insured status on the TRISURA Policy with respect to the claims made in the Underlying Action.

29. TRISURA breached its obligations under the TRISURA Policy by failing to acknowledge that PENGUIN is an additional insured with respect to the claims made in the Underlying Action.

30. PENGUIN timely demanded that TRISURA acknowledge PENGUIN as an additional insured with respect to the claims made in the Underlying Action.

31. TRISURA has not acknowledged PENGUIN as an additional insured with respect to the claims made in the Underlying Action.

32. Judgment should be entered accordingly declaring that PENGUIN is an additional insured under the TRISURA Policy with respect to the Underlying Action.

## AS AND FOR A SECOND CAUSE OF ACTION AGAINST TRISURA

### (Declaratory Judgment – Duty to Defend PENGUIN)

33. Plaintiffs repeat, reallege and reiterate each and every allegation set forth in Paragraphs "1" through "32" of the Complaint as if fully set forth at length herein.

34. Pursuant to the terms of the TRISURA Policy, TRISURA has an obligation to defend PENGUIN for the claims alleged in the Underlying Action.

35. Pursuant to the terms of the TRISURA Policy, TRISURA has an obligation to defend PENGUIN for the Underlying Action on a primary and non-contributory basis.

36. PENGUIN timely demanded that TRISURA defend PENGUIN for the claims made in the Underlying Action on a primary and non-contributory basis.

37. TRISURA has failed to defend PENGUIN in the Underlying Action.

38. As a result of TRISURA's failure to defend PENGUIN, CONTINENTAL has been obligated to defend its insured, PENGUIN.

39. Plaintiffs have incurred, and continue to incur, expenses, including attorneys' fees and other costs, in connection with the defense of PENGUIN in the Underlying Action.

40. Plaintiffs therefore seek a declaration that TRISURA is obligated to defend PENGUIN in the Underlying Action on a primary and non-contributory basis, and is obligated to

reimburse Plaintiffs for expenses, including all attorneys' fees and costs, incurred in connection with the defense of the Underlying Action, together with interest thereon.

## AS AND FOR A THIRD CAUSE OF ACTION AGAINST TRISURA

### (Declaratory Judgment – Duty to Indemnify PENGUIN)

41. Plaintiffs repeat, reallege and reiterate each and every allegation set forth in Paragraphs "1" through "40" of the Complaint as if fully set forth at length herein.

42. Pursuant to the terms of TRISURA Policy, TRISURA has an obligation to indemnify PENGUIN for all amounts for which PENGUIN becomes legally obligated to pay as damages because of bodily injury or property damage in connection with the Underlying Action, on a primary and non-contributory basis.

43. TRISURA has denied or otherwise failed to acknowledge its obligation to indemnify PENGUIN in connection with the Underlying Action.

44. Any insurance held by Plaintiffs is excess to the TRISURA Policy.

45. Plaintiffs seek a declaration that TRISURA is obligated to indemnify PENGUIN in connection with the Underlying Action and that any other insurance available to Plaintiffs will be excess to the TRISURA Policy.

## AS AND FOR A FOURTH CAUSE OF ACTION AGAINST TRISURA

### (Breach of Contract)

46. Plaintiffs repeat, reallege and reiterate each and every allegation set forth in Paragraphs "1" through "45" of the Complaint as if fully set forth at length herein.

47. TRISURA has breached its contractual obligations by refusing to defend, indemnify and provide coverage for PENGUIN for the claims asserted against them in the Underlying Action on a primary and no-contributory basis.

48. Any other available insurance to the Plaintiffs is excess to TRISURA's coverage of the Plaintiffs for the claims asserted against the Plaintiffs in the Underlying Action.

49. By virtue of TRISURA's refusing to defend and indemnify the Plaintiffs for the claims asserted against the Plaintiffs in the Underlying Action, the Plaintiffs incurred legal fees, costs and expenses, as well as loss of peace of mind, comfort and exposure to increased damages.

50. By reason of the foregoing, the Plaintiffs are entitled to recover legal fees, costs and expenses incurred in connection with the Underlying Action, as well as damages incurred as a result of a loss of peace of mind, comfort and exposure to increased damages.

WHEREFORE, Plaintiffs pray for the following relief, seeking a judgment declaring that:

(1) PENGUIN is an additional insured on the TRISURA Policy for the claims made in the Underlying Action;

(2) TRISURA must defend and PENGUIN in the Underlying Action on a primary and non-contributory basis;

(3) TRISURA must reimburse Plaintiffs for all legal fees, costs and expenses incurred as a result of defending PENGUIN in the Underlying Action;

(4) TRISURA must indemnify Plaintiffs for the Underlying Action and any other insurance available to Plaintiffs is excess to the TRISURA Policy;

(5) TRISURA breached its contractual obligation to defend and indemnify Plaintiffs in the Underlying Action and, as a result, Plaintiffs have incurred damages;

(6)     For such other, further and different relief that this Court deems just and proper.

Dated: New York, New York
April 23, 2020

LONDON FISCHER LLP

By: *Daniel Zemann* (signature)

Daniel Zemann, Jr. (DZ3972)
Attorneys for Plaintiffs
59 Maiden Lane, 39th Floor
New York, New York 10038
(212) 978-1000

{N1657804.1 }